IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Roger Hembree, Jr.,                          )     Case No 7:25-cv-03294-DCC
                                             )
                    Plaintiff,               )
                                             )
v.                                           )            **ORDER**
                                             )
Penney OpCo d/b/a JCPenney,                   )
                                             )
                    Defendant.               )
_____ )

This matter is before the Court on Plaintiff's allegations, though counsel, raising claims for race discrimination, retaliation, and defamation.  ECF No. 1-1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On May 9, 2025, Defendant filed a motion to stay and compel arbitration.  ECF No. 10.  Plaintiff filed a response, and Defendant filed a reply.  ECF Nos. 11, 12.  On July 31, 2025, the Magistrate Judge issued a Report recommending that the motion be granted.  ECF No. 14.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections to the Report, and Defendant filed a reply.  ECF Nos. 15, 18.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.[1]  Plaintiff's objections occasionally repeat themselves; upon review, the Court finds that Defendant does a good job in dividing the objections out and the Court will follow their organization in an effort to address each argument only once.  As stated above, this action is brought as an employment dispute.  The Magistrate Judge determined that Plaintiff consented to a valid arbitration provision.  Accordingly, he recommended that this action be stayed and

---

[1] The Court notes that Plaintiff has made some objections to the Magistrate Judge's factual recitation.  This will be addressed below.  Regardless, the Court finds that Magistrate Judge has adequately summarized the relevant facts in this case.

arbitration be compelled. Plaintiff objects. Because objections have been filed, the Court's review has been de novo.

### Factual Recitation

Plaintiff objects to the Magistrate Judge's recitation of certain facts. Plaintiff states that the Magistrate Judge "improperly blends the parties' competing assertions without resolving material disputes or acknowledging pivotal, dispositive facts in the Plaintiff's favor." ECF No. 15 at 2. Plaintiff continues that the Magistrate Judge fails to account for the lack of a signed arbitration agreement, the lack of affirmative acceptance by Plaintiff, and the failure of Defendant to provide clear notice or secure meaningful consent. Upon review, the Court finds that these issues are either not relevant to the subject of arbitration or are the subject of the Report. Moreover, as noted above and upon de novo review, the Court finds that the Magistrate Judge has properly and thoroughly recited the relevant facts in this action. Accordingly, this objection is overruled.

### Defendant's Burden

As explained in more detail by the Magistrate Judge, once a party demonstrates: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute," *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991), a rebuttable presumption is created that the plaintiff entered into an arbitration agreement, *see Gordon v. TBC Retail Grp., Inc.*, No. 2:14-CV-03365-DCN, 2016 WL 4247738, at *5 (D.S.C. Aug. 11, 2016). Here, these four

factors have been met in that there is a dispute between the parties evidenced by the filing of the complaint, there is a written arbitration agreement that includes a provision that covers the dispute, there is evidence that the transaction is related to interstate commerce, and the litigation regarding arbitration indicates a refusal by Plaintiff to arbitrate.

Plaintiff asserts that the Magistrate Judge misapplied the relevant law and notes the burden-shifting framework outlined above. Plaintiff argues that he has rebutted the presumption. ECF No. 15 at 4. As Plaintiff's various arguments that he has rebutted the presumption are addressed elsewhere, the Court takes this opportunity only to confirm that the Magistrate Judge correctly stated the relevant law. Moreover, as outlined in this section, Defendant met its burden; accordingly, the burden shifts to Plaintiff to establish that they did not agree to arbitrate.

**_Consideration_**

As noted by Defendant, Plaintiff now raises that the arbitration agreement was not supported by sufficient consideration. There appears to be a difference of opinion among district courts with respect to whether new arguments not raised to the Magistrate Judge need to be considered. *See Jones v. Casablanca*, No. 6:22-CV-02307-TMC, 2023 WL 4397396, at *1 (D.S.C. July 7, 2023) ("Furthermore, 'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" (quoting *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022))). *See also Holt v. Rural Health Servs., Inc.*, No. CV 1:21-2802-MGL, 2024 WL 377991, at *6 (D.S.C. Feb. 1, 2024) ("And, as per

controlling precedent from the Fourth Circuit, 'as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the [Magistrate Judge].'" (quoting *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted))). The undersigned will not resolve this matter today but will consider the new argument regarding consideration. Particularly in counseled cases, the Court would encourage all parties to present all arguments to the Magistrate Judge to ensure the most thorough analysis.

Plaintiff asserts that the arbitration agreement was a new contract, presented during Plaintiff's ongoing employment, that was not supported by consideration apart from his continued employment. Plaintiff contends that this is not enough. This argument is incorrect. In support of his assertion, Plaintiff cites to *Poole v. Incentives Unlimited, Inc.*, 548 S.E.2d 207 (S.C. 2001). In *Poole,* the Supreme Court of South Carolina held that separate consideration beyond continued at-will employment is necessary to enforce a covenant not to compete entered into after the start of employment. *Poole,* 548 S.E.2d at 209. However, the issue in this case is an arbitration agreement, not a covenant not to compete. "To the extent Plaintiff argues that no arbitration agreement exists due to lack of consideration, this Court has repeatedly determined that continued employment constitutes adequate consideration for arbitration agreements." *Fitzgerald v. Faucette*, No. 9:24-CV-00908-BHH-MGB, 2024 WL 5290929, at *4 (D.S.C. Apr. 23, 2024), *report adopted,* 2024 WL 5087128 (D.S.C. Dec. 12, 2024) (collecting cases). Accordingly, this objection is overruled.

***Assent to Arbitration Agreement***

Plaintiff contends that he did not assent to the terms of the arbitration agreement because silence cannot be considered assent and because he intended to opt out of the agreement after clicking that box assenting to the arbitration agreement.  The Court will take these in turn.

With respect to the argument that silence cannot be considered assent to an agreement, Plaintiff affirmatively clicked the box indicating his assent to the arbitration agreement.   ECF Nos. 10-3 at 2, 11-1 at 2–3.   Plaintiff cites to *Lampo v. Amedisys Holdings, LLC*, 914 S.E.2d 139 (S.C. 2025), in support.   That case was thoroughly analyzed by the Magistrate Judge.   Upon review, the Court agrees that "unlike the employee in *Lampo*, the plaintiff here affirmatively accepted the Agreement. The plaintiff admits that he signed the Agreement, and only after he first agreed did he decide that he no longer wished to be bound by the Agreement."  ECF No. 14 at 8 (citing ECF No. 11-1 at 2–3).  Accordingly, this objection is overruled.

Plaintiff further takes issue with the opt-out procedure calling it, inter alia, hidden and counterintuitive.   Plaintiff contends that he went back to kiosk to uncheck the box later in the day, clicked submit, and believed that these actions would opt him out of the arbitration provision.  However, the procedure for opting out was available to Plaintiff and the arbitration agreement clearly stated that an employee "may opt out by notifying JCPenney in writing, using the 'Binding Arbitration and Class Action Waiver Agreement

Opt-Out Form' ('Opt-Out Form')." ECF No. 10-2 at 9.[2]   Plaintiff does not allege that he attempted to comply with the proper procedure.   As noted by the Magistrate Judge, Plaintiff had "had a duty to read the Agreement before signing it," and Defendant is entitled to require him to follow its instructions.   ECF No. 14 at 9–10 (citing *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 306 (4th Cir. 2001) ("[A]n elementary principle of contract law is that a party signing a written contract has a duty to inform himself of its contents before executing it, . . . and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it."); *Lampo,* 914 S.E.2d at 146 (holding that  "an employer is entitled to require an employee to follow instructions, and to expect that when those instructions are given they will, in fact, be followed")).   Accordingly, this objection is overruled.

### *Request for Discovery*

For the first time, Plaintiff asserts that he requires limited discovery to fully address the issue of arbitration.  Plaintiff requests discovery as to: 1) "system metadata regarding the date, time, and method of Plaintiff's interaction with the arbitration agreement in March 2021"; 2) "internal communication or HR documentation reflecting how the arbitration agreement was presented to Plaintiff and to similarly situated employees"; and 3) "records or logs indicating whether any employee successfully opted out of arbitration during the same rollout period—and whether Defendant treated any of those opt-outs as valid."  ECF

---

[2] The Court briefly notes that the arbitration agreement is nine pages long and the opt-out provision is clearly labeled.  ECF No. 10-2.

No. 15 at 14–15.  The requested discovery would have no bearing on the issues at hand. It is uncontested that Plaintiff did not follow, and indeed did not attempt to follow, the prescribed opt-out procedure.  How he may have attempted to improperly opt out and whether any other employees did so is not relevant to this action.  Moreover, it is uncontested that Plaintiff had access to the proper procedure.  Accordingly, this request is denied.

***Jury Trial***

Plaintiff also requests for the first time that the issue of whether a valid and enforceable arbitration agreement was formed be submitted to a jury.  Title 9 U.S.C. § 4 of the Federal Arbitration Act provides that, when the validity of an arbitration agreement is at issue, the party opposing arbitration has the right to demand a jury trial to resolve the factual issue of whether an agreement was made.  The party seeking a jury trial "must provide sufficient evidence in support of its claims such that a reasonable jury could return a favorable verdict under applicable law. The standard is akin to the burden on summary judgment." *Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 564 (4th Cir. 2015) (citations omitted).   As discussed herein and by the Magistrate Judge, there is no factual dispute to sort out and to submit this issue to a jury would be both unnecessary and a waste of judicial resources.  Accordingly, the request is denied.

## CONCLUSION

Upon review, the Court adopts the recommendation of the Magistrate Judge.  For the foregoing reasons, the motion to compel arbitration and to stay [10] is **GRANTED**. The parties are directed to submit a joint status report every 90 days.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 17, 2026
Spartanburg, South Carolina